THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL LEE,

    Plaintiff,

v.

DR. PERCY MEYERS and WEXFORD
HEALTH SOURCES, INC.,

    Defendants.

Case No. 3:24-cv-02266-GCS

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Paul Lee, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lee alleges that Dr. Percy Meyers and Wexford Health Sources, Inc. ("Wexford") acted with deliberate indifference in treating his heel pain.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford, and the Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Lee alleges that on August 15, 2023, he submitted a nurse sick call slip for severe, sharp pain in his left heel. (Doc. 2, p. 2). Lee contends this pain interfered with his ability to walk. He was placed on the wait list to see Dr. Meyers. He did not receive any temporary assistance for his mobility. On October 3, 2023, Lee submitted an emergency grievance because of the lengthy delay in seeing Dr. Meyers. He requested an immediate referral to an outside podiatrist for examination. *Id.* In response to the grievance, the healthcare unit noted that Lee was scheduled to see Dr. Meyers on October 11, 2023, but the appointment did not take place as scheduled. *Id.* at p. 2, 10.

On October 13, 2023, Dr. Meyers finally examined Lee and ordered x-rays. (Doc. 2, p. 2). It is not clear from the pleadings or the grievance whether Lee received the x-rays. Lee notes that the x-rays were not documented in his chart nor was he ever able to view the x-rays. *Id.* at p. 3. The attached grievance indicates multiple attempts by the grievance officer to determine if Lee was scheduled for the x-rays, but to no avail. *Id.* at p. 9. Although the grievance officer made multiple attempts to contact the healthcare unit and determine the status of Lee's care, the officer was unable to obtain adequate information. *Id.* at p. 10. In a May 2024 response, the healthcare unit noted that x-rays were ordered in October 2023, and the healthcare unit administrator submitted a request to Wexford to schedule the x-ray and follow-up. *Id.* At that time, Lee had not seen Dr. Meyers for a follow-up because "the x-rays were not completed." *Id.* Subsequent requests

to the healthcare unit from the grievance officer went unanswered. *Id.* It appears from the pleadings that Lee never received the ordered x-rays nor saw Dr. Meyers after his initial complaints. *Id.* at p. 3. Lee alleges that he never received x-rays, a follow-up, or a referral. *Id.*

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

>   **Count 1:**   Eighth Amendment deliberate indifference claim against Dr. Percy Meyers for delaying treatment of Lee's left heel pain.
>
>   **Count 2:**   Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for delaying care and ignoring requests by the healthcare unit administrator to examine and treat Lee's left heel pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Lee states a viable claim for deliberate indifference against Dr. Meyers. Lee alleges that he initially requested medical care on August 15, 2023, but Dr. Meyers failed to examine him until October 13, 2023. Further, Lee alleges that although

---

[2]   *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Dr. Meyers ordered x-rays, those x-rays were never scheduled nor did Dr. Meyers follow-up with Lee at any time after the October 2023 appointment. This delay could amount to deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Thus, Count 1 shall proceed against Dr. Meyers.

But Lee fails to state a claim against Wexford, which can only be liable if it had a policy or practice that caused the constitutional deprivation alleged in the pleading. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-654 (7th Cir. 2021); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Lee fails to point to any policy or practice that led to delays in his care. Instead, he merely alleges that Wexford "failed, refused, delayed, or otherwise ignored" the healthcare unit administrator's requests to examine Lee. That is not enough to state a claim against Wexford. Count 2 is **DISMISSED without prejudice**.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Dr. Meyers. Count 2 against Wexford Health Sources, Inc. is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Dr. Percy Meyers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Lee. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Lee, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**Because Plaintiff's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Lee, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lee is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 3, 2024.**

Digitally signed by Gilbert C Sison
Date: 2024.12.03 11:18:34 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**